IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GLYNNDEAVIN VON FOX,

                Plaintiff,

v.

                                     Case No. 24-CV-1072-DDC-TJJ

KELLY DUNCAN,

                Defendant.

## REPORT AND RECOMMENDATION

### NOTICE

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this Report and Recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

### REPORT

Plaintiff, a resident of Hanahan, South Carolina, names a single defendant to this lawsuit, namely an individual named Kelley Duncan, who Plaintiff alleges is a police officer in Charleston, South Carolina.[1] In conjunction with the filing of his Complaint, Plaintiff filed a motion requesting leave to proceed without prepayment of the filing fee under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). That motion was granted, but service of the summons and Complaint upon

---

[1] Compl. for a Civil Case (ECF No. 1).

Defendants has been withheld pending further order of the Court.[2]

When a party is granted leave to proceed without the prepayment of fees, 28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss the case at any time if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The purpose of Section 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[4] Because Plaintiff proceeds *pro se*, his pleadings are liberally construed.[5]  Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[6]

Accepting the allegations of the Complaint as true and construing them in the light most favorable to Plaintiff, the Court finds Plaintiff has failed to state a claim upon which relief can be

---

[2] *See* Order (ECF No. 4).

[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

granted. Plaintiff references the U.S. Constitution, the Civil Rights Act, and the United Nations

Charter Treaty and includes one brief statement of his claim.  He merely alleges that his rights

were "violated by the Defendant" and he has to "seek political asylum status within the United

Kingdom under Art. #5337788 of the United Nations Charter Treaty as a [unintelligible] Edisto

Native American of South Carolina."[7]

Based upon these brief, vague and conclusory allegations, Plaintiff's Complaint fails to

plead sufficient factual allegations to raise a right to relief above the speculative level. Plaintiff has

thus failed to state a claim upon which relief may be granted and his case should be dismissal

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

<b><u>RECOMMENDATION</u></b>

Accordingly, the undersigned Magistrate Judge recommends this action be **DISMISSED**

for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

A copy of this Report and Recommendation shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated May 23, 2024, at Kansas City, Kansas.

_____

Teresa J. James
U. S. Magistrate Judge

---

[7] Compl. at 5.