IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GLYNNDEAVIN VON FOX,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**KELLY DUNCAN,**<br><br>　　　　**Defendant.** | Case No. 24-1072-DDC-TJJ |

## MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Teresa J. James's Report and Recommendation (Doc. 5). Magistrate Judge James recommends that the court dismiss this case without prejudice for failure to state a claim upon which relief can be granted. Doc. 5 at 3. Plaintiff Glynndeavin Von Fox[1] received notice of the right to object to the Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). *Id.* at 1. The Report and Recommendation also explained that plaintiff, to secure appellate review, must file any objections within the 14-day period. *Id.*

The Clerk of the Court sent a copy of the Report and Recommendation to plaintiff by regular mail, using the address plaintiff provided to the court. *See id.* at 3. Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] completed upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). "Mailing" occurred

---

[1] Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status doesn't excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

on May 23, 2024, when the Clerk mailed the Report and Recommendation to plaintiff. *See* Doc. 5. Thus, the time for plaintiff to file an objection expired on June 6, 2024.

Plaintiff has not filed any objection. Nor has plaintiff sought an extension of time to file an objection. And so, the court now can accept, adopt, and affirm the Report and Recommendation. And it does so. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).

Having reviewed plaintiff's Complaint (Doc. 1) and Magistrate Judge James's Report and Recommendation (Doc. 5), the court determines that Magistrate Judge James's analysis and conclusions are sound. The court thus adopts Magistrate Judge James's recommendation and dismisses plaintiff's Complaint (Doc. 1) for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice. The court directs the Clerk to close this case.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** the Report and Recommendation issued by United States Magistrate Judge Teresa J. James on May 23, 2024, (Doc. 5) is **ACCEPTED**, **ADOPTED, and AFFIRMED**.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2024, at Kansas City, Kansas

                                                      **s/ Daniel D. Crabtree**
                                                      **Daniel D. Crabtree**
                                                      **United States District Judge**